**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRANDON LEE PLANT, #46731-177** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0097-N-BK** |
| | § | |
| **D. DREW, Warden ,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically referred to the United States Magistrate Judge.  Petitioner, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence and seeking jail-time credit.  Doc. 3 at 6.

The Court lacks jurisdiction to consider his habeas petition.  Although Petitioner was sentenced in this Court, any section 2241 habeas action must be brought in the district in which he is presently confined.  *See Lee v. Wetzel*, 244 F.3d 370, 374-375 (5th Cir. 2001) (sentencing court lacked jurisdiction over the section 2241 petition because the petitioner was not incarcerated within that district).   Petitioner is currently confined within the Bureau of Prisons (BOP) in Atlanta, Georgia.  Accordingly, any section 2241 action should be brought there.[1]

---

[1] Although Petitioner did not submit a motion to proceed *in forma pauperis* or pay the filing fee for this action, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.  The Court further notes that Petitioner unsuccessfully sought the same relief in his criminal case.  *United States v. Plant*, No.  3:13-CR-289-N-1 (N.D. Tex. 2015), Crim. Doc. 50;  *see also* Crim. Doc. 52; Crim. Doc. 54.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for lack of jurisdiction.

SIGNED January 20, 2016.

_RENEE HARRIS TOLIVER_
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_RENEE HARRIS TOLIVER_
UNITED STATES MAGISTRATE JUDGE